**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | |
|---|---|
| JACK SHAW, } | |
| } | |
|    *Plaintiff*, } | |
| v. } | Civil Action No. G-08-100 |
| } | |
| O'REILLY AUTOMOTIVE, INC., } | |
| } | |
|    *Defendant*. } | |

**OPINION AND ORDER**

      Presently before the Court is Defendant O'Reilly Automotive, Inc.'s (O'Reilly) motion for summary judgment (Doc. 12), to which no response has been filed. For the reasons set forth below, the Court finds that Defendant's motion should be granted.

I.      Background and Relevant Facts

      On March 14, 2008, Plaintiff Jack Shaw (Shaw) filed suit against Defendant O'Reilly in the 23rd Judicial District Court of Brazoria County, Texas (Cause No. 2008-46722) asserting a negligence cause of action. Defendant O'Reilly subsequently removed the action to this Court on the basis of diversity jurisdiction. (Doc. 1).

      Plaintiff Shaw's negligence claim arises out of an incident that occurred on March 6, 2006, at the O'Reilly Auto Parts store in Angleton, Texas. It was drizzling lightly when Shaw entered the front door of the store. (Pl.'s Dep., Doc. 12 Ex. 3 at 48). As he entered, Shaw slipped and fell hitting his hand and his shoulder on the floor. (*Id.* at 64). Although there was a mat on the floor in front of the door, Shaw claims that there was a space between the door and the mat and that he slipped and fell before he reached the mat. (*Id.* at 89). However, Roger McCain (McCain), a disinterested witness, testified that the mat was approximately six inches from the threshold of the doorway. (McCain Dep., Doc. 12 Ex. 2 at 10, 52). At the time of the

incident, Shaw was carrying rotors in both of his hands, and his boots were wet from coming in from outside. (Pl.'s Dep., Doc. 12 Ex. 3 at 64, 90). When he fell, Shaw felt some humidity on the floor which he maintains is the result of other people coming into the store from outside. (*Id.* at 90). After Shaw fell, McCain looked around and neither the floor nor the mat was wet. (McCain Dep., Doc. 12 Ex. 2 at 10).

II.      Legal Standards

      A.      Summary Judgment

A party moving for summary judgment must inform the court of the motion's basis and identify those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The substantive law governing the suit identifies the essential elements of the claims at issue and therefore indicates which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Once the moving party makes this showing, the non-moving party must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 323-24. The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Indust. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citing *U.S. v. Diebold, Inc.,* 369 U.S. 654, 655 (1962)). Instead, the non-moving party must produce evidence upon which a jury could reasonably base a verdict in its favor. *Anderson*, 477 U.S. at 248. The non-moving party must "go beyond the pleadings and by [its] own affidavits or by depositions, answers to interrogatories and admissions on file, designate specific facts that show

there is a genuine issue for trial." *Webb v. Cardiothoracic Surgery Assoc. of North Texas, P.A.*, 139 F.3d 532, 536 (5th Cir. 1998). Unsubstantiated and subjective beliefs and conclusory allegations and opinions are not competent summary judgment evidence. *Grimes v. Texas Dept. of Mental Health and Mental Retardation*, 102 F.3d 137, 139-40 (5th Cir. 1996); *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992), *cert. denied*, 506 U.S. 825 (1992). Nor are pleadings summary judgment evidence. *Wallace v. Texas Tech University*, 80 F.3d 1042, 1046 (5th Cir. 1996) (citing *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(*en banc*)). The non-moving party cannot discharge its burden by offering vague allegations and legal conclusions. *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992); *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 889 (1990). Nor is the district court required by Rule 56 to sift through the record in search of evidence to support a party's opposition to summary judgment. *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 832 (1992)).

All reasonable inferences must be drawn in favor of the non-moving party. *Matsushita*, 475 U.S. at 587-88. In reviewing evidence favorable to the party opposing a motion for summary judgment, a court should be more lenient in allowing evidence that is admissible, though it may not be in admissible form. *See Lodge Hall Music, Inc. v. Waco Wrangler Club, Inc.,* 831 F.2d 77, 80 (5th Cir. 1988). Furthermore, the party opposing a motion for summary judgment does not need to present additional evidence, but may identify genuine issues of fact extant in the summary judgment evidence produced by the moving party. *Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 198-200 (5th Cir. 1988). The non-moving party may also identify evidentiary documents already in the record that establish specific facts showing the

existence of a genuine issue.  *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990).

A non-moving party's failure to respond does not automatically entitle the movant to a "default" summary judgment.  *Lewis v. Continental Airlines, Inc.*, 80 F. Supp. 2d 686, 694 (S.D. Tex. 1999); *Taylor v. Dallas County Hosp. Dist.*, 959 F. Supp. 373, 376 (N.D. Tex. 1996).  "A motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule.  The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed."  *Lewis*, 80 F. Supp. 2d at 694 (quoting *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n.3 (5th Cir. 1995) (citing *Hibernia Nat'l Bank*, 776 F.2d 1277, 1279 (5th Cir. 1985))).  The district court may, however, accept as undisputed the facts set forth in support of the motion for summary judgment to the extent it is unopposed.  *Id.* (citing *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988); *Rayha v. United Parcel Serv., Inc.*, 940 F. Supp. 1066, 1068 (S.D. Tex. 1996)).

  B.  Premises Liability

Under Texas law, a property owner owes invitees a duty to protect them from dangerous conditions that are known or reasonably discoverable.  *Rasbury v. Wal-Mart Stores, Inc.*, Civil Action No. H-07-2664, 2008 WL 2714126, * 2 (S.D. Tex. July 10, 2008) (citing *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 101 (Tex. 2000)). A plaintiff asserting a premises liability claim must prove the following: (1) the owner or occupier had actual or constructive knowledge of a condition on the premises; (2) the condition posed an unreasonable risk of harm; (3) the owner or occupier did not exercise reasonable care to reduce or eliminate the risk; and (4) the

owner or occupier's failure to use such care proximately caused the plaintiff's injury. *Id.* at * 2 (citing *CMH Homes*, 15 S.W. 3d at 99).

To show that the defendant had actual or constructive knowledge of a condition, the plaintiff must establish that (1) the defendant created the condition; (2) the defendant actually knew about the condition; or (3) the condition was present long enough to give the defendant a reasonable opportunity to discover and remove it. *Id.* at * 3 (citing *Keetch v. Kroger Co.*, 845 S.W.2d 262, 265 (Tex. 1992); *Sturdivant v. Target Corp.*, 464 F. Supp. 2d 596, 601 (N.D. Tex. 2006)). To show the property owner's constructive knowledge of a hazardous condition, the plaintiff must show that the hazardous condition existed for some definite length of time. *Id.* (citing *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 815 (Tex. 2002).

III.    Discussion

Defendant O'Reilly argues that summary judgment is proper because Plaintiff Shaw has not produced any evidence that O'Reilly had actual or constructive knowledge of a condition on the premises, that the condition posed an unreasonable risk of harm, or that O'Reilly failed to exercise reasonable care to reduce or eliminate the risk. Shaw has not provided an argument in response. The Court finds that Shaw's premises liability claim must fail because O'Reilly had neither actual nor constructive knowledge of a condition on the premises.

Assuming that the floor was wet as Shaw alleges, there is no evidence that O'Reilly created this condition, that O'Reilly knew that the floor was wet, or that the floor was wet for long enough to give O'Reilly a reasonable opportunity to discover and fix it. Without such evidence, the Court must find in favor of Defendant O'Reilly.[1]

---

[1] The Court notes the discrepancy between Shaw's and McCain's testimony with respect to the wetness of the floor and the mat and the distance of the mat from the threshold of the doorway. However, the Court finds that these facts are immaterial.

- 6 -

IV.        Conclusion

Accordingly, the Court hereby ORDERS that Defendant's motion for summary judgment (Doc. 12) is GRANTED.

SIGNED at Houston, Texas, this 2nd day of September, 2009.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE